UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES AARON BROOKS, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:19-0302 |
| v. | : | (JUDGE MANNION) |
| HUGH J. HURWITZ, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner, Charles Aaron Brooks ("Petitioner"), an inmate currently confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges his 1996 conviction on five counts of armed bank robbery and three counts of use of a firearm during a crime of violence. Id. Following an order to show cause, (Doc. 8) Respondent filed a response on April 23, 2019. (Doc. 10). A traverse was filed on May 2, 2019. (Doc. 11).

By Memorandum and Order dated February 13, 2020, this Court denied Brooks' petition for writ of habeas corpus. (Docs.12, 13). Presently before the Court is Brooks' motions for reconsideration of this Court's February 13, 2020 Memorandum and Order, closing the above captioned

action. (Docs. 14, 18). For the reasons that follow, the Court will deny all of the Petitioner's motions.

I.      **Discussion**

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence ... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the [c]ourt by the parties or has made an error not of reasoning but of apprehension."

Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." Gray v. Wakefield, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden'."). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

    A review of this Court's Memorandum and Order reveal that Brooks' petition was denied as follows:

> Here, Petitioner attempts to challenge his 1996 criminal conviction and sentence, based on issues that have previously

> been raised, or could have been raised in a §2255 motion. As discussed above, to proceed under §2241, he must demonstrate that a §2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). Petitioner has not met this burden. As such, his claim does not fall within the purview of the savings clause, as he has not demonstrated that an intervening change in the law made his underlying conviction non-criminal and that he had no prior opportunity to challenge his conviction, and could not satisfy the stringent standard for filing a second or successive §2255 motion.
>
> Brooks' lack of success in his direct appeal or his subsequent §2255 motions does not render §2255 inadequate or ineffective to address his claims. Bailey v. United States, 516 U.S. 137 (1995), was decided before Brooks' conviction on July 26, 1996. Therefore, neither his belated attempt to raise a Bailey claim, nor the remaining claims challenging issues which arose during his prosecution and trial do not come within §2241's safety valve provision. See Mahasin v. Bledsoe, 505 Fed. App'x 85, 86-87 (3d Cir. 2012) (Bailey claims asserted for convictions which occurred after the date of the Bailey decision must be asserted at trial, during direct appeal or in a §2255 motion).
>
> "The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." Dusenbery v. Oddo, No. 17 2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Because Petitioner has failed to demonstrate that a §2255 motion is inadequate or ineffective to test the legality of his detention, permitting him to proceed under §2241, the Court will dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241, for lack of jurisdiction.

(Doc. 12 at 8-10).

Petitioner's motions fail to meet the narrowly-defined factors governing motions for reconsideration, as they do not identify an intervening change in

- 4 -

controlling law, provide any evidence that was not previously available to this Court, or show the need to correct a clear error of law or fact or prevent manifest injustice. Petitioner's motions for reconsideration of this Court's February 13, 2020 Memorandum and Order, seek to reassert the same arguments set forth in Brooks' petition for writ of habeas corpus, as well as attempts to raise the following new claims: (1) an alleged Sixth Amendment violation because he was not permitted to cross examine a co-conspirator whose statement would prove his actual innocence; (2) the redacted superseding indictment issued on July 26, 1996 was not signed by the grand jury; (3) the sentencing court failed to grant him a downward departure in light of his mental illness. (Doc. 18). Petitioner's new claims, however, just like those raised in his instant petition, fall outside this Court's jurisdiction to be considered in a §2241 motion. As recognized in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997) a federal prisoner can pursue relief under §2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice. Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding §2241 may not be used to raise an Apprendi v. New Jersey, 530 U.S. 466 (2000) claim that is barred by the

procedural limitations imposed by the AEDPA); Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi. United State v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." Adderly v. Zickefoose, 459 F. App'x 73 (3d Cir. 2012); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("§2241 is not available for an intervening change in the sentencing laws.").

Accordingly, this Court finds that its Memorandum and Order of February 13, 2020, is not troubled by manifest errors of law or fact and Petitioner has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be denied.  A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 5, 2021**
19-0302-02